OPINION OF THE COURT.
This is an action brought on an open account, the defendant has plead, that after the debt was contracted, the plaintiff, Defrance, took the benefit of the act for the relief of insolvent debtors, and assigned all his estate for the benefit of his creditors. The plaintiff replied, that before his insolvency, he transferred this debt to Ebenezer Reese, for whose use this suit is brought; to which replication, the defendant filed a general demurrer.
■ The question therefore is, whether a debt due upon an open account, can he so transferred, as to authorize the assignee, to prosecute the claim, in the name of the assignor, as well after as before his bankruptcy.
No chose in action is assignable at common law, so as to authorize the assignee to sue in his own name, except negotiable instruments. But, although, a chose in action- may not be strictly assignable, the court will always take notice of, and protect the rights of the person, in whom the beneficial interest is vested, and will not permit any one, after he has *71 parted with all his interest in a debt, to have any further control over it j n'or will the interest of the assignee he affected,' by the subsequent bankruptcy, or insolvency, of the assignor. These principles are clearly established by numerous authorities. 3 Bos. &. Pul. 39, 3 East. 317. 5 Johns. 193. 1 Term. Rep. 619. 4 Mass. 509. 2 Johns, cases 125, 126,229. 2 Will’s, cases 102. 1 Bac. Abr. 437. 1 Dal. 139, 263, 444 . 3 Crunch. 193.
It is however contended on behalf of the defendant, that the assignee of a chose in action will not be protected therein, unless the amount be liquidated and reduced to a certainty. We have not been able to discover any such distinction, as is here insisted on, and several of the cases above cited, recognizing the assignment of open and unliquidated accounts, are opposed to this position. It is also contended in argument, that ohr statute, in making promissory notes, and instruments under seal, negotiable, does not apply to any other description of debts. It certainly does not. If it applied to the present description of claims, this suit would have been more properly brought, in the name of the assignee; but this statute did not alter the law, as regards other debts not embraced in its provisions. Under the provisions of this statute, the rights of the assignee of notes and sealed instruments, are placed on no higher grounds, than the rights of the assigned of an open account, all being subject to precisely the same defence. The only difference created by this statute, between the assignee of an open account, and the assignee of notes and sealed instruments, is, that the latter can sue in his own name, whereas the former must use the name of the assignor. In most respects, except that regarding the rights of a bona fide holder of a negotiable instrument, this statute resembles the statute of Ann, making promissory notes negotiable. Yet that statute, as appears by the cases subsequent to its enactment, above cited, did not affect the rights of the assignee of an open account. It is therefore the opinion of the whole court, that in as much as the plaintiff’s replication states, that the debt was transferred for a valuable consideration, to the person now claiming as assignee, before the plaintiff’s insolvency, and that fact is admitted by the demurrer, that the replication must be sustained, and the demurrer overruled,